NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES D. NOLAND, Jr., | No.   19-17018 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01275-JAD-DJA District of Nevada, Las Vegas |
| v. | |
| BERNARDO CHUA; et al., | |
| Defendants-Appellees, and | MEMORANDUM* |
| SHANE MORAND; JAMIE FOO, | |
| Defendants. | |

On Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 10, 2020**
San Francisco, California

Before:  GRABER and BRESS, Circuit Judges, and DAWSON,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

Plaintiff, James D. Noland, Jr. appeals the summary judgment entered in favor of Defendants on his claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. We have jurisdiction under 28 U.S.C. §1291. Reviewing de novo both the district court's dismissal on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005), and the dismissal on statute of limitations grounds, Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996), we affirm.

1.    Noland's first amended complaint establishes that, under the injury-discovery rule, the four-year civil RICO limitations period began to run in 2009 when Noland received the letter informing him that his partnership interests, including the right to ongoing payments and fees, had been terminated, and his status had been reduced to that of former distributor. See Pincay v. Andrews, 238 F.3d 1106, 1109–10 (9th Cir. 2001) (holding that receipt of a written disclosure of one's purported injury constitutes constructive notice sufficient to start the limitations period running). Therefore, Noland had until 2013 to file his RICO claim; because it was not filed until 2018, it was time-barred.

2.    The first amended complaint does not allege facts constituting new and independent acts sufficient to restart the limitations period. The separate accrual rule provides that the civil RICO limitations period restarts when new, overt acts

2

occur within the limitations period.  See Grimmett, 75 F.3d at 512–513 (discussing the separate accrual rule).  Two elements must be established for an overt act to restart the period of limitations: "1) It must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) It must inflict new and accumulating injury on the plaintiff."  Id., at 513 (internal quotation marks and emphases omitted).  The activity alleged in Noland's first amended complaint merely reaffirms the initial act to exclude Noland from the business.  In any event, according to the pleadings, Defendants' offshore transfer activities were completed in or before 2012, meaning that Noland had only until 2016 to file a RICO claim.  Because he waited until July 2018 to file, Noland's RICO claims were time-barred.

3.      The limitations period was not equitably tolled by the filing of a parallel action in Canada.  The availability of equitable tolling "depends upon whether permitting the subsequent litigation to proceed will further the purposes of Congress in creating the cause of action and in limiting the period for filing."  Mt. Hood Stages, Inc., v. Greyhound Corp., 616 F.2d 394, 396 (9th Cir. 1980).  Mt. Hood is narrowly construed, and its application is "limited . . . to cases involving considerations of federal policy and primary jurisdiction."  Grimmett, 75 F.3d at 515 (internal quotation marks omitted).  The civil RICO statute "encourage[s] potential private plaintiffs diligently to investigate" their claims, Klehr v. A.O. Smith Corp., 521 U.S. 179, 187 (1997), and the Canadian action demonstrates Noland's awareness of his

asserted legal injury. Noland was not prevented from filing this action pending resolution of the Canadian case, and to allow tolling here would encourage delayed RICO filings and piecemeal litigation across multiple jurisdictions.

4. Equitable tolling on grounds of fraudulent concealment is not available to Noland. The limitations period does not toll simply because Noland was ignorant of Defendants' alleged offshore activity. "The doctrine of fraudulent concealment is invoked only if the plaintiff both pleads and proves that the defendant *actively* misled [him], and that []he had neither actual nor constructive knowledge of the facts constituting [his] cause of action despite [his] due diligence." Grimmett, 75 F.3d at 514 (some emphases omitted) (internal quotation marks omitted). On the face of the first amended complaint it is apparent that Noland filed this suit in July 2018 and did not learn of Defendants' alleged offshore activity until nearly two months later, in September 2018. Because Noland had sufficient knowledge to file his RICO claims before learning of the allegedly concealed facts, he cannot establish that Defendants' conduct led him to believe that he did not have a RICO claim despite due diligence. In addition, the first amended complaint fails to allege that Defendants actively concealed anything. It is also not disputed that the creation of the offshore entities was a matter of public record. Equitable tolling thus is not available to save Noland's case from dismissal.

5. The district court was not required to consider Defendants' motion for

summary judgment, or in the alternative, motion for judgment on the pleadings, as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The record below makes clear that no matters outside the pleadings were considered by the district court when ruling on Defendants' motion for judgment on the pleadings.

**AFFIRMED.**